```
              IN THE UNITED STATES DISTRICT COURT FOR THE

                          DISTRICT OF NEBRASKA

VIRGINIA L. CHESLEY,           )
                               )
            Plaintiff,         )           4:05CV3126
                               )
     v.                        )
                               )
JO ANNE B. BARNHART,           )           MEMORANDUM OPINION
Commissioner of the Social     )
Security Administration,       )
                               )
            Defendant.         )
_____)
```

This matter is before the Court for review of a final decision of the Commissioner of Social Security ("Commissioner"), wherein the Commissioner denied plaintiff's request for Social Security Disability Insurance benefits ("SSD"). After careful review of the briefs, the 372-page record before the Court, and the applicable law, the Court finds that the Commissioner's decision should be affirmed.

## BACKGROUND

The plaintiff, Virginia L. Chesley ("plaintiff" or "Chesley"), initially filed for SSD benefits on March 31, 2001, based on an injury to her right knee, subsequent right knee replacement surgery and pain in her tailbone and left knee. Chesley lives with her husband and two children in Auburn, Nebraska.

On September 28, 2001, and December 12, 2001, Chesley's benefit claim was denied at the initial and reconsideration

levels of administrative determination.  On December 20, 2001, Chesley filed a request for hearing by an administrative law judge ("ALJ").  This hearing was held on April 30, 2003, in front of ALJ Ronald D. Lahners.  On August 15, 2003, ALJ Lahners denied Chesley's benefits claim.  On October 1, 2003, Chesley filed a request for review of the hearing decision that was subsequently denied on March 24, 2005.  Chesley then filed this action seeking review of the Commissioner's decision.  Briefing was completed on November 4, 2005.

**STANDARD OF REVIEW**

The Commissioner's decision will be affirmed "if the record contains substantial evidence to support it."  *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003).  "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision."  *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001).  "In determining whether existing evidence is substantial, [a court should] consider evidence that detracts from the Commissioner's decision as a well as evidence that supports it." *Hutsell v. Massanari*, 259 F.3d 707, 711 (8th Cir. 2001).  If the record reveals substantial evidence supporting the Commissioner's decision, then that decision should not be reversed merely because "substantial evidence exists in the record that would have supported a contrary outcome."  *Id.*  In other words, "[a]n

administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion." *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001)(citing *Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997)).

## DISCUSSION

The narrow issue before the Court is whether there is substantial evidence on the record as a whole to support the ALJ's decision denying Chesley's application for SSD benefits. *See* 42 U.S.C. § 405(g). The Court finds that there is, and thus, will affirm the Commissioner's decision. In doing so, the Court is cognizant of the statutory and regulatory framework that governs the payment of SSD benefits.

The evidence that supports the ALJ's decision is contained in the medical records, the vocational expert's testimony in response to the ALJ's hypothetical question and the ALJ's credibility determination. At the outset, the Court notes two guiding principles in this matter: (1) that the Court must affirm the decision of the ALJ if the record contains substantial evidence to support his decision, and (2) the credibility of the plaintiff is for the ALJ, not this Court, to decide. *See Edwards*, 314 F.3d at 966; 20 C.F.R. § 404.1527(d)(2).

Testimony from a vocational expert constitutes substantial evidence only when based on a properly phrased hypothetical question. *Cruze v. Chater*, 85 F.3d 1320, 1323 (8th

Cir. 1996). When a hypothetical question does not encompass all relevant impairments, the vocational expert's testimony does not constitute substantial evidence. *Hinchey v. Shalala*, 29 F.3d 428, 432 (8th Cir. 1994). Thus, the ALJ's hypothetical question must include those impairments that the ALJ finds are substantially supported by the record as a whole. *See Stout v. Shalala*, 988 F.2d 853, 855 (8th Cir. 1993).

The record contains the testimony of vocational expert Gail Leonhardt in response to a hypothetical question that included all relevant impairments. Vocational expert Leonhardt testified that Chesley could perform light cashier and assembler jobs which offer a sit/stand option. In the hypothetical, Leonhardt was directed to assume an individual with the same age, education, past work history, exertional and skill levels as the plaintiff. The hypothetical included further restrictions, that such a person could lift up to twenty (20) pounds on occasion, ten (10) pounds frequently, could sit for six (6) hours in an eight (8) hour day, stand for two (2) hours in an eight (8) hour day and with normal breaks complete the day. In addition, the hypothetical worker could walk a half-block on occasion, would have to be allowed to stand after sitting for an hour and would have to be allowed to sit after standing for thirty minutes to one hour. In response, Leonhardt noted 5,395 light cashier positions in Nebraska, two-thirds of which would offer the

sit/stand option and 2,705 assembler positions in Nebraska, two-thirds of which would offer the sit/stand option. Leonhardt's testimony constitutes substantial evidence because the hypothetical question to which he was responding contained all of Chesley's relevant impairments.

Credibility

A determination regarding the plaintiff's credibility is largely left to the ALJ. *See Edwards*, *supra*; *Pearsall*, 274 F.3d at 1218; *Holmstrom v. Massanari*, 270 F3d 715, 721 (8th Cir. 2001). The United States Court of Appeals for the Eighth Circuit has explained that "the ALJ is in the best position to gauge the credibility of testimony and is granted deference in that regard." *Estes v. Barnhart*, 275 F.3d 722, 724 (8th Cir. 2002). "If the ALJ discredits a claimant's credibility and gives a good reason for doing so, we will defer to its judgment." *Dunahoo v. Apfel*, 241 F.3d 1033, 1038 (8th Cir. 2001).

In this case, the ALJ's written disposition specifically questioned the credibility of Chesley's testimony (and that of her witness) in regard to her inability to perform any type of work. Further, the objective evidence, taken in conjunction with the evidence from the vocational experts, could easily lead to the conclusion that the plaintiff's testimony was not credible. Chesley's doctors found that she was doing well following her June, 2001, right total knee replacement.

Following a January 16, 2002, visit, Dr. Thomas O. Schwab noted that "her knee is clinically excellent.  Components are in excellent position."  On February 27, 2002, Dr. Schwab noted that plaintiff had no effusion or swelling, full range of motion and good stability and excellent position of the patella.  He further noted that radiologically all components were in good position and clinically he could not find any reason to explain her complaints of pain.

Dr. Steven V. Hagan saw Chesley on February 5, 2003, and noted that she had done quite well since a visit in July, 2002.  Dr. Hagan specifically noted that "she was doing some exercises and for the past four months or so noted no real problems."  She was walking without a cane.

As for Chesley's complaints of pain in her tailbone, left knee and left wrist, the ALJ noted that she has never been treated for these complaints.  In addition, the ALJ also noted that Chesley was not taking pain medication on a consistent basis, in spite of the alleged severity of her symptoms and limitations.  Therefore, the ALJ was able to give good reasons for questioning Chesley's credibility, and the Court will defer to the ALJ's judgment.

Because the decision is supported by substantial evidence, this Court will affirm the decision of the ALJ and

plaintiff's complaint will be dismissed.  A separate order will be issued in accordance with this memorandum opinion.

DATED this 19th day of December, 2005.

BY THE COURT:

/s/ Lyle E. Strom
_____
    LYLE E. STROM, Senior Judge
    United States District Court